```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

UNITED STATES OF AMERICA,       *

vs.                             *
                                         CASE NO. 4:12-CR-6 (CDL)
WILLIAM DILMUS JONES,           *

     Defendant.                 *
```

O R D E R

Defendant filed a motion to dismiss the indictment based on the Government's failure to provide him with a speedy trial (ECF No. 38). Counsel for Defendant clarified at the hearing on the motion that the motion's focus was on the delay between the alleged criminal conduct and his indictment. Defendant is not claiming a violation of the Speedy Trial Act or the Sixth Amendment to the Constitution.[1] His motion to dismiss is based on an alleged violation of his constitutional due process rights arising from pre-indictment delay. To prevail on such a claim, the Defendant must establish (1) that he suffered actual and substantial prejudice because of the delay and (2) that the delay resulted from a "deliberate design by the government to gain a tactical advantage." *United States v. LeQuire*, 943 F.2d

---

[1] The Court nevertheless reviewed the record to determine whether any violation of the Speedy Trial Act or the Sixth Amendment occurred and finds no such violation.

1554, 1560 (11th Cir. 1991).  As explained below, Defendant has failed to establish either element.  Therefore, his motion is denied.

## FACTUAL FINDINGS

On March 9, 2010, Defendant allegedly committed the crime for which he was subsequently indicted.  His case was initially considered for prosecution by state authorities.  The United States Attorney for the Middle District of Georgia later decided to prosecute the case and first indicted Defendant on April 11, 2012.  Defendant contends that three witnesses would have taken responsibility for the illegal contraband attributed by the Government to Defendant, but they are no longer available to testify.  Defendant lived with Daniel Chapman in a home owned by Chapman.  Defendant contends that Chapman would have taken responsibility for the contraband even though Chapman denied any ownership of it during the search of the home.  Chapman died on August 8, 2011.[2]  Defendant also contends that John Senecheck lived in the same home and would have claimed some of the seized property even though there is no evidence that he lived in the home other than Defendant's statements, he was not present during the search, and the contraband was found in Defendant's room.  Senecheck is no longer living, but the Court can find

---

[2] The Court has not found the date of Chapman's death in the paper record, but this date of death was agreed to by counsel at the hearing on this motion.

2

nothing in the present record to indicate his date of death. He was not relied upon during the hearing, so the Court concludes that he must have died after the issuance of the indictment in this case. Defendant also contends that another witness could have testified that the property in question was not his, but she has since had a stroke preventing her from testifying. Although her date of incapacity does not appear in the paper record, it appeared from the hearing on this motion that she became incapacitated recently.

DISCUSSION AND CONCLUSIONS OF LAW

Since Defendant's argument is now limited to pre-indictment delay, the Court focuses on the approximately twenty-five month period between the alleged criminal conduct, March 9, 2010, and the date the indictment issued, April 11, 2012. As noted previously, to prevail on a pre-indictment delay claim, the Defendant must show that the delay caused actual prejudice and that the delay was deliberately designed by the Government to gain a tactical advantage. *LeQuire*, 943 F.2d at 1560.

Defendant has failed to carry the substantial burden of showing that he was actually prejudiced by a twenty-five month delay from the date of the alleged commission of the crime until he was indicted. *See United States v. Lovasco*, 431 U.S. 783, 796-797 (1977) (explaining high burden for showing actual and substantial prejudice). Defendant relies solely on his own

3

statements that certain presently incapacitated witnesses would have testified that the illegal contraband belonged to them. No other evidence exists to corroborate this contention. Moreover, the present record contradicts this contention. It is undisputed that the contraband was found in Defendant's room, and Chapman disavowed any ownership of the contraband during the search. Furthermore, the other two witnesses became incapacitated *after* Defendant was indicted and thus it is sheer speculation to suggest that the pre-indictment delay made them unavailable to testify.[3] The Court finds that Defendant has failed to carry his burden of establishing that the twenty-five month pre-indictment delay caused him actual and substantial prejudice.

Even if Defendant could establish sufficient prejudice to satisfy the first prong of the due process analysis, he has failed to produce any evidence to show that the delay was due to any deliberate design by the Government to obtain some tactical advantage. The only reasonable conclusion that can be drawn from the present record is that the pre-indictment delay was due to the Government's investigation and the decision ultimately to pursue the case in federal court instead of state court where

---

[3] The Court notes that Defendant's primary witness, Chapman, died eight months prior to Defendant's indictment and only seventeen months after the alleged commission of the crime. Consequently, for any prejudice to be attributed to the loss of Chapman as a witness, the Court would have to find that the Constitution required that the case be indicted and tried within seventeen months of the offense date.

the investigation began.  *See United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982) (investigative delay associated with a prosecutor's desire to only seek indictment when "he is satisfied that he can prove guilt beyond a reasonable doubt" does not establish second prong of due process analysis).  While the death of a witness during the Government's investigation may be relevant to the prejudice prong of the due process analysis, prejudice alone does not establish a constitutional violation.  To prevail on a due process claim, the evidence must show that the Government delayed indictment of the case *to obtain some type of tactical advantage*.  *See, e.g.*, *United States v. Mills*, 704 F.2d 1553, 1557 (11th Cir. 1983); *United States v. Lindstrom*, 698 F.2d 1154, 1158-59 (11th Cir. 1983); *United States v. Shaw*, 555 F.2d 1295, 1299 (11th Cir. 1977).  Defendant pointed to no such evidence in this case and thus has failed to satisfy the second prong of his due process claim.

## CONCLUSION

Defendant has failed to show that the pre-indictment delay in this case caused him actual prejudice or was the result of the Government's deliberate attempt to gain a tactical advantage.  Therefore, he cannot prevail on his due process claim arising from the pre-indictment delay.  Accordingly, Defendant's motion to dismiss the indictment is denied.

IT IS SO ORDERED, this 19th day of December, 2013.

                          S/Clay D. Land
                              CLAY D. LAND
                 UNITED STATES DISTRICT JUDGE