```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION

UNITED STATES OF AMERICA,      *

vs.                            *
                                    CASE NO. 4:12-CR-6 (CDL-MSH)
WILLIAM DILMUS JONES,          *

     Defendant.                *
```

O R D E R

The Government has charged the Defendant in a four-count indictment with conspiracy to possess methamphetamine with intent to distribute, 21 U.S.C. § 846; possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1); possession of methamphetamine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(C)(i). The Government anticipates that the Defendant's position at trial regarding the firearm and drug charges will be that he did not knowingly possess the firearms and drugs. To prove that Defendant had the requisite intent to knowingly possess the firearms and drugs, the Government seeks to introduce the following evidence at trial: (1) Defendant's November 25, 2010 arrest and subsequent June 9, 2011 conviction for attempting to elude police, possession of marijuana, and possessing a pistol without a permit; and (2)

Defendant's December 21, 2010 arrest for illegal drugs which also included the seizure of a .22 caliber pistol, an SKS assault rifle, and a .32 caliber revolver in close proximity to Defendant. Anticipating an objection pursuant to Rule 404(b) of the Federal Rules of Evidence, the Government has filed a motion in limine seeking an advance ruling on the admissibility of this evidence (ECF No. 63). As explained below, if Defendant places in issue his lack of intent in possessing the firearms and drugs in question, the Government shall be permitted to introduce evidence of his subsequent possession of firearms and drugs.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides in relevant part:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[, but it] may be admissible for another purpose, such as proving . . . intent, . . . knowledge, . . . absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). The test for admissibility under Rule 404(b) consists of three parts. "[F]irst, the evidence must be relevant to an issue other than the defendant's character." *United States v. Shelley,* 405 F.3d 1195, 1203 (11th Cir. 2005) (*citing United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978) (en banc) (internal quotation marks omitted)). Second, the evidence must be sufficient to support a finding that the

2

defendant actually committed the extrinsic act. *Id.* at 1204 n.3. And third, the probative value of the evidence must not be substantially outweighed by unfair prejudice. *Id.* at 1203-04.

The Government does not intend to introduce the extrinsic evidence to show Defendant's character and propensity to commit the crimes for which he has been indicted. Instead, the Government intends to introduce the evidence to rebut any suggestion by the Defendant that he did not have the requisite intent to knowingly possess the firearms and drugs. To the extent that the evidence is used for this purpose, then the Government has satisfied the first prong of the Rule 404(b) test. The Government also proffers that it will introduce admissible evidence from law enforcement officers and one of Defendant's previous associates that will prove that the Defendant committed these extrinsic acts. Assuming that such evidence is forthcoming, the Government will have established the second prong of Rule 404(b). *See United States v. Terebecki,* 692 F.2d 1345, 1349 (11th Cir. 1982).

Having established that the evidence is being used to prove something other than the Defendant's character and that sufficient evidence exists to establish the extrinsic acts, the final prong of the Rule 404(b) test is to determine whether the probative value of the evidence is substantially outweighed by unfair prejudice. The Court finds that these extrinsic acts

involving possession of firearms and illegal drugs are substantially similar to the offenses he is charged with in the current indictment. The Court also observes that this conduct occurred within nine and a half months of the charged offenses. Thus this evidence is highly probative of Defendant's knowing possession of firearms and drugs and directly rebuts any contention by Defendant that he did not knowingly possess the firearms and drugs. The Court further finds that this probative value is not substantially outweighed by unfair prejudice. Other Courts have reached similar conclusions. *See, e.g., United States v. Gomez,* 927 F.2d 1530, 1534 (11th Cir. 1991) (finding no abuse of discretion in allowing evidence of prior gun possession charge to rebut defendant's claim that gun's "presence was mere accident or coincidence"); *see also United States v. Cassell,* 292 F.3d 788, 793 (D.C. Cir. 2002) ("[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.") (internal quotation marks omitted); *United States v. Brown,* 961 F.2d 1039, 1042 (2d Cir. 1992) (per curiam) (agreeing that other gun possession evidence was admissible to establish knowledge and absence of mistake or accident); *United States v. Davis,* 792 F.2d 1299, 1305 (5th Cir. 1986) (finding no abuse of discretion under Rule

4

403 in admitting evidence to establish knowing possession of guns). Accordingly, the extrinsic evidence is admissible.

## CONCLUSION

For all of these reasons, the extrinsic evidence the Government seeks to introduce is admissible if Defendant takes the position that he did not knowingly possess the firearms and drugs.

IT IS SO ORDERED, this 17th day of January, 2014.

                                                    S/Clay D. Land
                                                            CLAY D. LAND
                                          UNITED STATES DISTRICT JUDGE